IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DANIEL FLOWERS,            ) | |
| )
| Plaintiff,           ) | |
| ) | Case No. 1:11-cv-1099-MEF |
| v.                         ) | (WO—Publish) |
| ) | |
| MICHAEL PATRICK,           ) | |
| et al.,                    ) | |
| ) | |
| Defendants.        ) | |

**MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION**

The Town of Newton, Alabama—one of the defendants in this case—has moved to dismiss (Doc. #5) the claims the plaintiff, Daniel Flowers ("Flowers"), has filed against it in this case. In response, Flowers filed a brief (Doc. #16) contesting the Defendant's motion. Flowers response failed to sufficiently clarify his complaint to warrant it going forward. For the reasons discussed below, the Defendant's motion to dismiss is due to be GRANTED and claims against the Town of Newton DISMISSED without prejudice.

**II. JURISDICTION AND VENUE**

The Court exercises subject-matter jurisdiction over this case pursuant to 28 U.S.C § 1331 (federal question) and § 1345 (civil rights). The parties do not contend that the Court lacks personal jurisdiction over them, nor do they dispute that venue is proper

under 28 U.S.C. § 1391(b). The Court finds there are adequate allegations supporting both.

### III. LEGAL STANDARD

A motion to dismiss mainly tests the legal sufficiency of the complaint. Fed. R. Civ. P. 12(b)(6). It does not delve into disputes over the proof of the facts alleged—such a crucible is reserved for the summary judgment stage. With this in mind, the Court accepts as true all well-pled factual allegations in the complaint, viewing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008); *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007). And while a court typically keeps its motion to dismiss inquiry within the four corners of the complaint, the Court may nonetheless consider an outside document when it is undisputed and central to the plaintiff's claims. *Speaker v. U.S. Dep't of Health & Human Servs.*, 623 F.3d 1371, 1379–80 (11th Cir. 2010). The Court will grant a motion to dismiss "when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Marshall Cnty. Bd. of Ed. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

Avoiding dismissal requires compliance with some minimal pleading standards. Indeed, although a plaintiff's complaint generally need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), the plaintiff must still allege "enough facts to state a claim to relief that is

plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007). "[A] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). The plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 559. Nor does it suffice if the pleadings merely leave "open the possibility that a plaintiff might later establish some set of undisclosed facts to support recovery." *Id.* at 561.

## IV. BACKGROUND

As this is an Order on a motion to dismiss, the following facts, which the Court accepts as true at this stage of the proceedings, come from the allegations in Flowers's complaint.

On the 3rd of January, 2010 Plaintiff Daniel Flowers pulled into the driveway of his residence. (Compl. #1 ¶ 4 (Doc. #1).) There was no indication that Flowers had violated any traffic laws. (*Id*.) After pulling into his driveway, one of the defendants, Officer Patrick, an employee of the Town of Newton, rammed into the back of Flowers's car. (Compl. #1 ¶ 5.) Officer Patrick's car became wedged under the bumper of Flowers's car. (*Id*.) As Flowers attempted to exit the car under his own strength, Officer Patrick approached and grabbed Flowers. (Compl. #1 ¶ 6.) After pulling Flowers from the car, Officer Patrick slammed Flowers to the ground, kneed him in the back, and dragged him

across the ground. (*Id*.) Patrick never asked Flowers for his driver's license or told him why he was being stopped. (*Id*. at ¶ 7.) Flowers received a number of scrapes to his face. (*Id*. at ¶ 6) Flowers seeks $3,000 in medical bills and expenses for his alleged facial disfigurement, in addition to loss of earnings, pain and suffering, temporary disability, and loss of enjoyment of life. (*Id*. at ¶ 7.)

Flowers also alleges that, because of Officer Patrick's employment history, the Town of Newton was on notice that Patrick was likely to use excessive force as he did against Flowers. (Compl. #1 ¶ 11.) To this end, Flowers claims that the Town of Newton breached a duty to him to hire, train, and supervise Patrick appropriately. (Compl. # 1 ¶¶ 12-13.)

## V. DISCUSSION

The question before the Court is whether Flowers has pled sufficient facts to state a claim for municipal liability against the Town of Newton. The Court concludes that the motion to dismiss is to be GRANTED and Plaintiff's claims against the Town of Newton DISMISSED without prejudice as set out more fully in this order.

### A. Failure to train and supervise

"The Supreme Court has placed strict limitations on municipal liability under § 1983." *Gold v. City of Miami*, 151 F.3d 1346, 1350 (11th Cir. 1998). Unlike corporations or other employers, municipalities do not usually answer for the acts of their agents in tort. *See, e.g.*, *Monnell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978). But this rule

has an exception: a municipality may incur liability for the actions of a police officer when it promulgates an "official policy" that causes a constitutional violation. *See id.* at 694–94; *Gold*, 151 F.3d at 1350. To press a claim under § 1983 against a municipality, "a plaintiff must show: (1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004). This requires a plaintiff's complaint against a municipality to "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Randall v. Scott*, 610 F.3d 701, 707 n.2 (11th Cir. 2010) (citation and internal punctuation omitted). Additionally, a policy or custom that would create municipal liability can be either a written custom or policy, such as an ordinance, or an unwritten practice that is so widespread and "so permanent and well settled as to constitute a custom or use with the force of law." *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988).

Flowers's complaint fails to point to a specific policy constituting deliberate indifference to Fourth Amendment rights, and so he cannot show that such a policy caused his harm. Simply stating that the Town of Newton failed to train and supervise Officer Patrick on the appropriate amount of force is insufficient to hold the municipality liable. Courts in this district have time and again called for something more than a bare-bones, passing reference to a policy or custom to state a claim against a municipality. *See,*

5

*e.g.*, *Johnson v. Andalusia Police Dep't*, 633 F. Supp. 2d 1289, 1301–02 (M.D. Ala. 2009); *Manning v. Mason*, No. 10-cv-925, 2011 WL 1832539, at *4 (M.D. Ala. May 13, 2011) (dismissing claim where plaintiffs failed to identify a specific policy or custom). Therefore, because Flowers has failed to allege the existence of a specific policy or custom related to the Town of Newton's training and supervising of its officers, he has failed to state a claim for relief on a failure to properly train and supervise theory.

## B. Improper hiring

In Count II, Flowers claims that the Town of Newton should face liability for hiring Officer Patrick because it "was on actual or constructive notice Defendant Patrick has on occasions prior to his being hired utilized degrees of force in excess of that which is constitutionally permissible," and, thereafter, failed to train and supervise Officer Patrick on the proper use of force. (Compl. 1 ¶¶ 11-12.)

In *Board of County Commissioners of Bryan County v. Brown*, 520 U.S. 397 (1997), the Supreme Court described the standard for a claim based on a municipality's failure to investigate an employee's background. The Court held that a "plaintiff must demonstrate that a municipal decision reflects *deliberate indifference* to the risk that a violation of a particular constitutional or statutory right will follow the decision." *Id.* at 411 (emphasis added). The Court explained that it sought to immunize municipalities against vicarious liability claims. *Id.* at 410.  Therefore, *Brown* requires federal district courts to test the causal link between the hiring decision and the injury alleged. Further,

6

municipal liability attaches only where looking into the applicant's background would lead a reasonable policymaker to determine the "plainly obvious consequence of the decision to hire the applicant would be a deprivation of a third party's federally protected right." *Id.* at 411.

Deliberate indifference exists when there is a strong connection between the troublesome aspects of the applicant's background and the third party's injury. *Gros v. City of Grand Prairie*, 209 F.3d 431 (5th Cir. 1999). In *Gros*, the defendant hired an officer after reviewing the candidate's record, which suggested that he had been overly aggressive and abusive in prior employment. *Id*. The officer later sexually harassed two women during traffic stops. However, the court in *Gros* refused to hold the municipality liable because the misconduct did not have a strong connection to the officer's prior employment record. *Id*. Also, district courts have required the plaintiff to plead something more than a generic assertion of supervisory liability. For example, in *Cooper v. City of Starke*, the plaintiff's complaint failed to state a claim based on the municipality's hiring decision when it did "not set forth any factual allegations as to the backgrounds of [the officers]." No. 10-cv-280, 2011 WL 1100142, at *8 n.11 (M.D. Fla. May 23, 2011).

With this in mind, Flowers has failed to allege facts sufficient to give rise to municipal liability. As *Brown* makes clear, for a municipality to face liability, the constitutional violation a plaintiff complains of must be a "plainly obvious" consequence

of hiring the officer. 520 U.S. at 411. And on top of that, *Twombly* requires more than legal conclusions; the plaintiff must allege *facts* sufficient to give rise to liability. 550 U.S. 554.  Here, Flowers contends that the Town of Newton knew of Officer Patrick's supposed penchant for using excessive force and, as a result, knew that he was likely to do so again but never states any facts as to what actions by Patrick constituted excessive force or how the Town knew of the alleged actions.  And this threadbare, conclusory allegation is insufficient.  Previous uses of excessive force may be deemed as plainly obvious in some cases. *See Kesler v. King*, 29 F. Supp. 2d 356 (S.D. Tex. 1998) (denying motion to dismiss because previous uses of excessive force prior to being hired created a strong connection).  However, when a plaintiff does not allege enough facts but merely states a conclusion, the claim cannot meet *Brown's* "plainly obvious" standard.  Flowers' claim runs afoul of both *Brown* and *Twombly*. Flowers's complaint fails to rise to the *Brown* standard because it did not allege any facts about how Patrick's previous use of excessive force made it plainly obvious he would use excessive force in the future. Indeed, Flowers does not even directly allege that Patrick had used excessive force in the past, only that the Town knew he had. As a result, Flowers has failed to state a claim against the Town of Newton, and Count II of his complaint will be dismissed without prejudice.

## VI. CONCLUSION

Having considered the parties' pleadings and briefs related to the motion to

dismiss now before the Court, it is hereby ORDERED that the Motion to Dismiss filed by the Town of Newton (Doc. #5) is GRANTED and Plaintiff's claims against the Town of Newton are DISMISSED without prejudice.

Done this the 25th day of June, 2012.

/s/ Mark E. Fuller<br>UNITED STATES DISTRICT JUDGE